1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JULIE LOPEZ,                              Case No.  1:23-cv-01644-HBK

12                  Plaintiff,                  ORDER AFFIRMING THE DECISION OF
                                                THE COMMISSIONER OF SOCIAL
13          v.                                  SECURITY [2]

14    MARTIN O'MALLEY,                          (Doc. Nos.  15, 19)
      COMMISSIONER OF SOCIAL
15    SECURITY,[1]

16                  Defendant.

17

18

19          Julie Lopez ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of

20    Social Security ("Commissioner" or "Defendant") denying her application for disability insurance

21    benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on

22    the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 15, 19).  For the

23    reasons set forth more fully below, the Court denies Plaintiff's motion for summary judgment,

24    grants Defendant's motion for summary judgment, and affirms the Commissioner's decision.

25

26    [1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social
      Security, as the defendant in this suit.  See Fed. R. Civ. P. 25(d).
27    [2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
      §636(c)(1).  (Doc. No. 7).
28

## I.        JURISDICTION

Plaintiff protectively filed for disability insurance benefits on September 19, 2022, alleging an onset date of October 1, 2019.  (AR 201-02).  Benefits were denied initially (AR 48-55, 74-78), and upon reconsideration (AR 56-66, 80-85).  Plaintiff appeared at a telephonic hearing before an Administrative Law Judge ("ALJ") on June 22, 2023.  (AR 25-47).  Plaintiff was represented by counsel and testified at the hearing.  (*Id.*).  On August 1, 2023, the ALJ issued an unfavorable decision (AR 12-24), and on September 22, 2023 the Appeals Council denied review (AR 1-6).  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.        BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 56 years old at the time of the hearing.  (*See* AR 227).  Her highest level of education reported was ninth grade.  (AR 35).  Plaintiff has work history as a day worker.  (AR 34-35, 43).  Plaintiff testified that she uses an inhaler every day due to breathing issues, and she has left knee pain that hurts "all the time."  (AR 37).  She reported that during the relevant period she could stand and walk for 30 to 45 minutes before she needed to rest for 20 to 25 minutes; she could sit for an hour or two; and she could lift and carry 10 pounds.  (AR 37-38).  Plaintiff testified that she elevated her knee for 45 minutes at a time.  (AR 39).  She reported lower back pain during the relevant period that caused her to have "bad days" about 8 or 9 "times" in a month.  (AR 40-42).

## III.        STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence

1  equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

2  citation omitted).  In determining whether the standard has been satisfied, a reviewing court must

3  consider the entire record as a whole rather than searching for supporting evidence in isolation.

4  *Id.*

5      In reviewing a denial of benefits, a district court may not substitute its judgment for that of

6  the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible

7  to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

8  2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is

9  harmless.  *Id.*  An error is harmless where it is "inconsequential to the [ALJ's] ultimate

10  nondisability determination." *Id.* (quotation and citation omitted).  The party appealing the ALJ's

11  decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556

12  U.S. 396, 409-10 (2009).

### IV.    SEQUENTIAL EVALUATION PROCESS

14      A claimant must satisfy two conditions to be considered "disabled" within the meaning of

15  the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful

16  activity by reason of any medically determinable physical or mental impairment which can be

17  expected to result in death or which has lasted or can be expected to last for a continuous period

18  of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment

19  must be "of such severity that he is not only unable to do his previous work[,] but cannot,

20  considering his age, education, and work experience, engage in any other kind of substantial

21  gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

22      The Commissioner has established a five-step sequential analysis to determine whether a

23  claimant satisfies the above criteria.  See 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the

24  Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the

25  claimant is engaged in "substantial gainful activity," the Commissioner must find that the

26  claimant is not disabled.  20 C.F.R. § 404.1520(b).

27      If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step

28  two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20

1   C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of

2   impairments which significantly limits [his or her] physical or mental ability to do basic work

3   activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's

4   impairment does not satisfy this severity threshold, however, the Commissioner must find that the

5   claimant is not disabled.  20 C.F.R. § 404.1520(c).

6       At step three, the Commissioner compares the claimant's impairment to severe

7   impairments recognized by the Commissioner to be so severe as to preclude a person from

8   engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as

9   severe or more severe than one of the enumerated impairments, the Commissioner must find the

10   claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

11      If the severity of the claimant's impairment does not meet or exceed the severity of the

12   enumerated impairments, the Commissioner must pause to assess the claimant's "residual

13   functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's

14   ability to perform physical and mental work activities on a sustained basis despite his or her

15   limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the

16   analysis.

17      At step four, the Commissioner considers whether, in view of the claimant's RFC, the

18   claimant is capable of performing work that he or she has performed in the past (past relevant

19   work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant

20   work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If

21   the claimant is incapable of performing such work, the analysis proceeds to step five.

22      At step five, the Commissioner considers whether, in view of the claimant's RFC, the

23   claimant is capable of performing other work in the national economy.  20 C.F.R. §

24   404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider

25   vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §

26   404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must

27   find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable

28   of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

4

1   therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

2       The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*,

3   180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the

4   Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such

5   work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2);

6   *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7   

**V.     ALJ'S FINDINGS**

8       At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity

9   during the period from her alleged onset date of October 1, 2019 through her date last insured of

10  December 31, 2019.  (AR 18).  At step two, the ALJ found that through the date last insured,

11  there were no medical signs or laboratory findings to substantiate the existence of a medically

12  determinable impairment.  (AR 18).  The ALJ also noted that objective evidence in the record

13  supports that Plaintiff was not suffering from any severe conditions prior to her date last insured

14  of December 31, 2019.  (AR 19-20).  On this basis, the ALJ concluded that Plaintiff has not been

15  under a disability, as defined in the Social Security Act, at any time from October 1, 2019, the

16  alleged onset date, through December 31, 2019, the date last insured.  (AR 20).

17  

**VI.     ISSUES**

18      Plaintiff seeks judicial review of the Commissioner's final decision denying her disability

19  insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the

20  following issue for this Court's review: whether the ALJ erred at step two.  (Doc. No. 15 at 8-12).

21  

**VII.     DISCUSSION**

22      At step two of the sequential process, the ALJ must determine whether the claimant

23  suffers from a "severe" impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  This a two-step inquiry.

24  First, the ALJ must determine if a claimant has a medically determinable impairment, meaning it

25  "must result from anatomical, physiological, or psychological abnormalities that can be shown by

26  medically acceptable clinical or laboratory diagnostic techniques."  20 C.F.R. § 404.1521.  More

27  specifically, it "must be established by objective medical evidence from an acceptable medical

28  source," and a claimant's "statement of symptoms, a diagnosis, or a medical opinion" is not

enough to establish a medically determinable impairment.  *Id*.  Second, the ALJ must determine whether the medically determinable impairment is "severe," meaning it significantly limits a claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).

Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent her from performing substantial gainful activity, and that the impairment or combination of impairments lasted for at least twelve continuous months.  20 C.F.R. § 404.1505, 404.1512(a); *Edlund v. Massanari*, 253 F.3d 1152, 1159, 60 (9th Cir. 2011).  However, step two is "a de minimus screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, Plaintiff alleged disability due to COPD (chronic obstructive pulmonary disease), diabetes mellitus type II, and hypertension. (AR 18, 230).  The ALJ found "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured."  (AR 18-20).  Plaintiff argues there was "sufficient evidence of record to establish severe medically determinable impairments supported with objective evidence" and contends the ALJ failed to provide a requisite explanation of the step two findings. (Doc. No. 15 at 10).  Defendant "acknowledges that the ALJ erred in finding that Plaintiff did not have a [medically determinable impairment]" but argues any error is harmless because "substantial evidence supports the ALJ's alternative finding that Plaintiff's impairments were nonsevere."  (Doc. No. 19 at 5 n.3).  The Court declines to make a ruling on whether the impairments were medically determinable considering Defendant's concession; however, the Court agrees that substantial evidence supports the ALJ's finding that the "objective evidence of record supports that the claimant was not suffering from any severe conditions prior to her date last insured of December 31, 2019."  (AR 19).

First, as to Plaintiff's newly alleged impairments of lower back and left knee pain, the

1   ALJ recognized all of the objective evidence cited by Plaintiff in support of this argument,

2   including a single x-ray of her left knee that revealed degenerative disease, a joint effusion, and

3   no evidence of fracture or dislocation; and an "incidental finding" of degenerative change at the

4   L5-S1 disc space during a CT of the abdomen and pelvis in 2019.  (AR 19 (citing AR 479, 731

5   (noting "mild degenerative changes,") 840-41).  However, while not acknowledged by Plaintiff,

6   the ALJ also cited evidence that Plaintiff had taken a fall on her knee several weeks prior to the

7   knee x-ray, examination at the time revealed some swelling but normal range of motion, and

8   examination findings during the relevant adjudicatory period subsequently found no difficulty

9   ambulating, a good steady gait, normal gait and reflexes, no sensory deficits, normal motor

10  strength 5/5 throughout, normal range of motion, and normal coordination.  (AR 19 (citing AR

11  431, 442 (normal strength, range of motion, gait and station), 448, 451-52, 477 (ambulating

12  without difficulty), 478 (reporting left knee is "not very painful"), 479 (some swelling, normal

13  range of motion of knee, and no erythema), 686 (noting degenerative change in L5-S1 disc space

14  but no suspicious lesion or acute injury), 805, 861).  The ALJ also noted that Plaintiff "denied

15  back pain, joint pain, and stiffness on multiple occasions even after her date last insured."  (AR

16  19, 358-59 (reporting no restriction of movements), 417, 424-26, 457, 911, 913).  Finally, the

17  ALJ noted that there are "no limitations described to such a condition."  (AR 19).  Plaintiff does

18  not offer, nor does the Court discern, any evidence of specific functional limitations due to knee

19  or back pain such that it would significantly limit Plaintiff's ability to do basic work activities.

20  *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

21      Second, as to her "complaints of disabling pneumonia and COPD," the ALJ found there

22  was no objective evidence "of such severity to consider it a severe impairment."  (AR 19).

23  Plaintiff argues there was sufficient evidence in the medical record to establish a severe medically

24  determinable impairment.  (Doc. No. 15 at 10).  However, the ALJ's decision again

25  acknowledged the medical evidence cited by Plaintiff in support of her argument, including a

26  prescription for an inhaler and prednisone burst, notation of COPD diagnosis, notation of history

27  of respiratory dysfunction, in-patient treatment for pneumonia noted as "atypical chest pain

28  resolved" on May 1, 2019, one examination noting "slightly diminished lung sounds with some

scattered wheezing," and Plaintiffs reported of shortness of breath. (AR 19, 434-36, 450 (noting negative chest x-ray), 455 (noting no ischemic changes on EKG)). The ALJ also cited normal objective findings including clear lungs with no evidence of pneumonia by chest x-ray, and Sp02 of 97%. (AR 19, 435, 450, 455, 830). "[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Saballos v. Colvin*, 2015 WL 1481563, at *7 (N.D. Cal. Mar. 31, 2015) ("Having a diagnosis and taking medication for over one year does not automatically render an impairment severe for the purposes of step two.").

Moreover, even assuming, *arguendo*, that the ALJ erred in finding a lack of objective evidence to support a finding that COPD is a severe impairment at step two, the ALJ additionally found Plaintiff's "COPD with continued nicotine abuse has not met the durational requirement." (AR 19). Plaintiff failed to identify or challenge this finding in her opening brief; thus, she has waived her opportunity to raise this issue. *Carmickle*, 533 F.3d at 1161 n.2 (court may decline to consider issues not raised with specificity in plaintiff's opening brief); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Regardless, in order to be severe at step two, an impairment must satisfy the "duration requirement," that is, it "must have lasted or must be expected to last for a continuous period of at least 12 months." *See* 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii); *see also Christin D. v. Kijakazi*, 2024 WL 4132436, at *4 (D. Nev. Sept. 10, 2024) ("An ALJ may discount impairments at step two of the sequential analysis by finding that an impairment is non-severe because it has not met the 12-month durational requirement."); *Dennis G. v. Comm'r of Soc. Sec.*, 2020 WL 3620100, at *5 (E.D. Wash. Mar. 30, 2020) (concluding it was reasonable for the ALJ to find impairment was not severe because "there is no 12-month period during which [plaintiff] has had continuous swelling," the claimed impairments of edema, lymphadenopathy, and cellulitis do not meet the durational requirement). It was reasonable for the ALJ to find that the sporadic treatment for respiratory issues in the treatment record, noted by the Court to be comprised entirely of records before the alleged onset date of October 1, 2019, do not meet the durational requirement, particularly in light of Plaintiff's date

1   last insured of December 31, 2019.  (*See* AR 19).

2          Finally, as noted by Defendant, the ALJ cited the state agency medical consultants'

3   opinions that Plaintiff did not have a severe impairment prior to her date last insured in support of

4   the ultimate step two finding.  (AR 20 53 (opining Plaintiff did not have one or more medically

5   determinable impairments), 62 (opining Plaintiff did have medically determinable impairments

6   but they were not severe either)).  The ALJ found the opinions "very persuasive as there is

7   nothing in the objective evidence of record to support the claimant had a severe impairment that

8   met the durational requirement of 12 months prior to her date last insured of December 31, 2019."

9   (AR 20).  Plaintiff does not challenge the ALJ's evaluation of, or reliance on, these opinions.

10  *Carmickle*, 533 F.3d at 1161 n.2 (court may decline to consider issues not raised with specificity

11  in plaintiff's opening brief).  Regardless, it was reasonable for the ALJ to rely on these opinions

12  to support the ALJ's finding that Plaintiff had no severe impairments at step two.  *See Garcia v.*

13  *O'Malley*, 2024 WL 3968100, at *6 (E.D. Cal. Aug. 28, 2024) (finding prior administrative

14  medical findings supported the ALJ's findings that Plaintiff's mental impairments were

15  nonsevere); *Correia v. Comm'r of Soc. Sec.*, 2023 WL 2058894, at *4 (E.D. Cal. Feb. 16, 2023)

16  (finding the ALJ supported finding that impairments were not severe at step two with substantial

17  evidence from the record including medical opinions of two state agency consultants).

18          Based on the foregoing, and considering the record as a whole, substantial evidence

19  supports the ALJ's conclusion that Plaintiff's alleged impairments were not severe.  *Webb*, 433

20  F.3d at 687.  The ALJ did not err in finding Plaintiff did not establish a severe impairment at step

21  two of the sequential analysis.[3]

22                         **VIII.   CONCLUSION**

23          A reviewing court should not substitute its assessment of the evidence for the ALJ's.

24  *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment

25

26  ─────────────────
    [3] Plaintiff argues "the ALJ erred in failing to properly consider Plaintiff's limited treatment in light of her
    indigence."  (Doc. No. 15 at 12 (citing *Dschaak v. Astrue*, 2011 WL 4498835, at *1 (D. Or. Sept. 27,
27  2011)).  However, as argued by Defendant, the ALJ did not err by failing to consider possible reasons for
    Plaintiff's lack of treatment because lack of treatment was not offered as a reason to find Plaintiff's
28  impairments not severe at step two.  (*See* Doc. No. 19 at 9).

                                9

as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ did not err at step two.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **OREDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED.

2. Defendant's Cross Motion for Summary Judgment (Doc. No. 19) is GRANTED and the decision of the Commissioner of Social Security for the reasons set forth above.

3. The district court direct the Clerk to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:    November 27, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE